## CITY OF SULPHUR v. FARMERS' NAT. BANK.

No. 14867—Opinion Filed March 18, 1924.

(Syllabus.)

Municipal Corporations—"Payment" of Warrants—Payment by Check on Failing Bank which is Collecting Agency of Holder of Warrants.

Where the owner of city warrants forwards them to a local bank for collection, which delivers them to said city and accepts the city's check therefor drawn on and made payable to said bank, and where said bank is in a failing condition, and only remains open for business during the remainder of that day and the following day, when it suspends business, and where said bank at no time after receiving said check has sufficient funds to pay the same, and where the owner of said warrants later brings suit thereon against the city, and the only defense pleaded and relied upon is that of payment, held, such defense is not thereby established, and the plaintiff is entitled to recover the full amount sued for. Held, further, that the trial court erred in deducting from the amount of the plaintiff's recovery an amount equal to the cash said bank had on deposit at the time it received said check.

Error from District Court, Murray County; W. L. Eagleton, Judge.

Action by the Farmers' National Bank of Oklahoma City against the City of Sulphur, a municipal corporation, to recover upon certain warrants. Judgment for plaintiff. Defendant brings error. Reversed and remanded, with directions.

Broadbent & Ferris, for plaintiff in error.

Keaton, Wells & Johnston and Young, Haste & Powell, for plaintiff in error.

MASON, J. This action was commenced by the defendant in error, Farmers' National Bank of Oklahoma City, against the plaintiff in error, as defendant, to recover upon certain warrants of the defendant city amounting with interest thereon to $6,175.07.

The city of Sulphur filed its answer, in which it alleged that the entire indebtedness, with interest, had been duly paid, and that the warrants had been surrendered to the city of Sulphur and duly canceled by it.

The agreed facts and testimony show that the plaintiff, the owner of said warrants, sent them to the Bank of Commerce of Sulphur for collection and remittance; that the Bank of Commerce presented them to the financial secretary of the defendant city, who gave a check for the amount due, drawn upon and payable to said Bank of Commerce, and the warrants were delivered by the Bank of Commerce to the city; that at the time the check was given the city had on deposit in said bank an amount largely in excess of the amount of the check, but the total cash which the bank had on hand with which to pay any checks presented was only $2,141.45. It also appears that the bank also had what are termed "cash items" amounting to $3,607.32, which consisted, in part, of items on the Bank of Commerce itself and, in part, items on other banks of Sulphur, but that none of said "cash items" represented anything that the bank was in a position to pay out. At no time after receiving the check from the city was the Bank of Commerce in a position to pay the same. The check was delivered by the city to Mr. White, cashier of the Bank of Commerce, on the morning of February 20, 1922. The bank remained open for business during the remainder of that day and throughout the following day, but did not open for

business on February 22, 1922, that being Washington's Birthday and a holiday.

On the following morning, February 23, 1922, the bank suspended business and did not open and was taken over by the Bank Commissioner.

The trial court held that the warrants had not been paid and that the plaintiff was entitled to recover thereon, but also held that the defendant was entitled to a deduction of $2,141.45, being the amount of cash in the bank at the time the check was delivered. Both the plaintiff and the defendant filed motion for new trial, each of which was overruled, and the defendant has perfected its appeal, and the plaintiff its cross-appeal to this court.

The plaintiff in error, city of Sulphur, makes no contention here that delivery of said check to the Bank of Commerce constituted payment, but contends that the trial court properly allowed the city a deduction equal to the amount the bank had on deposit at the time the check was delivered; but the city complains that the trial court erred in not allowing the city an additional discount equal to the amount of so called "cash items" it had on hand at said time.

The defendant in error in its cross-appeal claims it should have had judgment for the full amount of the warrants and that the trial court erred in deducting the sum of $2,141.45 therefrom.

An examination of the record discloses that this theory of the case—that the defendant was entitled to a deduction in any amount—was not presented during the trial of the cause, but it was first raised by the court in rendering judgment. It also appears that the trial court based such judgment on its finding that the Bank of Commerce, for the purpose of collecting on said warrants, was the agent of the plaintiff bank, and as such agent it might have secured a check from the city for the amount of cash which it had on hand, to wit, $2,-141.45, and used all of the same in payment thereof, and secured another check for the balance due on said warrants. The court then held that the principal was liable or subjected to any loss sustained by reason of the negligence and failure of its agent so to do.

In support of this theory counsel for plaintiff in error cite Bank of Commerce v. Ingram, 33 Okla. 46, 124 Pac. 64, which holds as follows:

"Where the payee of a check drawn on a bank presents the same to another bank for collection, which bank gives him credit therefor on his passbook, the relation of principal and agent arises, and it is the duty of the agent to exercise reasonable care and diligence to make the collection; and its failure to do so renders it liable for any loss its principal may suffer thereby."

It is obvious, however, that this case is not applicable to the instant case, inasmuch as the plaintiff or principal is not attempting to recover from the agent herein. No other authorities are cited by plaintiff in error, nor are we able to find any that support its contention. If such contention were true, each of the many persons who may have had warrants, notes, or other items in said bank for collection would be estopped from recovering thereon in an amount equal to the funds or cash which the bank had on hand at that time; that is, although said amount could not be recovered by any of them, yet, by virtue of such estoppel, it would be the means of satisfying many claims for that amount or to that extent.

We know of no rule of law which will permit a debtor to claim payment by reason of the failure of the creditor to collect. We must conclude, therefore, that the trial court erred in deducting said amount from the amount the plaintiff was entitled to recover. Neither was the defendant entitled to a deduction from an amount equal to "cash items."

Therefore, the judgment of the trial court is reversed in so far as the defendant is given credit for an amount equal to the cash on hand at the time the city delivered its check, and the same is remanded, with directions to grant a new trial and proceed according to the views herein expressed.

JOHNSON, C. J., and COCHRAN, HARRISON, and WARREN, JJ., concur.