### FIRST NAT. BANK OF STRATFORD v. STOCKTON.

No. 14576—Opinion Filed Jan. 19, 1926.

Rehearing Denied April 6, 1926.

1. **Banks and Banking—Banks as Collecting Agents—Payment to Bank by Check—Acceptance—Customs.**

Where a bank in due course of business receives a draft for collection against one of its depositors and accepts such depositor's check on another bank in payment, such collecting bank in the presentation and collection of such check is the agent of the forwarding creditor throughout the transaction, since it cannot act in a dual capacity as agent for both creditor and debtor in one and the same transaction.

2. **Same—Insolvency of Drawee Bank—Effect.**

In such case the check given by the debtor is given and accepted as conditional payment of the debt and not as a deposit for collection, and where such debtor at the time has funds on deposit in the drawee bank sufficient to cover said check and the drawee bank accepts said check when presented, marks the same paid, and charges it to the account of the drawer, the fact that the drawee bank is in an insolvent condition and that its draft given to the collecting bank in clearance of said check, according to the custom of banks, is dishonored in due course of business does not authorize such collecting bank to charge the amount of such dishonored draft to the original debtor's deposit in such collecting bank.

3. **Same — Conversion — Wrongful Debit Against Deposit—Measure of Damages—Statute.**

In such circumstances, where the debtor-depositor seeks to withdraw by check his entire deposit in such collecting bank, which check is protested because of the reduction of the amount of the deposit through such wrongful debit, an action by such debtor-depositor to recover the amount so wrongfully charged to his deposit is an action for conversion, and the measure of his dam-

ages is fixed by the first and third subdivisions of section 5999, Comp. Stat. 1921.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Garvin County; A. C. Barrett, Judge.

Action by J. G. Stockton against the First National Bank of Stratford to recover a deposit and for damages for withholding the same. Judgment for plaintiff, and defendant brings error. Affirmed on condition that a remittitur be entered.

On April 7, 1922, J. G. Stockton drew his check for the sum of $2.192.01 against the First National Bank of Stratford, which check was duly presented for payment and protested for the reason that the defendant bank claimed his funds in its hands were insufficient to pay said check. Subsequently, the defendant bank honored Stockton's check for the sum of $1,118.41, and this action was thereafter commenced to recover the balance of said protested check in the sum of $1,073.60, and for damages in the sum of $5,000 for injury to plaintiff's credit, and for $1,000 as punitive damages.

There is practically no conflict in the testimony introduced upon the trial, and the facts as disclosed by the record are fairly stated in the following summary taken from the brief of plaintiff in error: On February 27, 1922, the defendant bank received a draft of the Duncan Refining Company with bill of lading attached in ordinary banking channels on the plaintiff, Stockton, for $1,073.60; on said date Stockton had on deposit in the First National Bank a sum in excess of said sum, and also he had on deposit in the State Bank of Stratford a sum in excess of said sum. He gave to defendant his check for $1,073.60, drawn on the State Bank of Stratford, and said defendant bank cleared same on said date according to custom with the said State Bank, and said State Bank, pursuing a universal custom, gave to defendant bank a draft on the Tradesmen's National Bank of Oklahoma City for the amount of $1,073.60, plus approximately $100, represented by certain other small checks drawn on said State Bank, and previously cashed by the defendant bank; that defendant bank had no knowledge at said time of the insolvency of the State Bank; that said draft on the Tradesmen's National Bank was presented in due course with diligence, and was dishonored; the State Bank closed its doors as an insolvent bank on February 28th; thereafter the defendant bank charged the amount of said draft, $1,073.60, to the account of plaintiff, Stockton, in said bank, duly noti-

fying him in writing and orally, all of which took place prior to the issuance by plaintiff of the check for which damage is claimed. The trial court expressly instructed the jury that there was no malice in the action of the bank in protesting said check, but that said bank had acted in absolute good faith in charging said sum to the account of the said plaintiff; but the court instructed the jury to return a verdict in favor of the said plaintiff in the sum of $1,073.60, and although the court took from the jury the question of punitive damages, it permitted the jury to return a verdict for "substantial damages." The jury returned a verdict in favor of the plaintiff in the sum of $1,073.60, together with interest thereon at 6 per cent. per annum from the 7th day of April, 1922, and the further sum of $762.-50, as actual damages to the plaintiff.

After unsuccessful motion for new trial, defendant has brought the case here by petition in error with case-made attached for review. The parties will be hereafter referred to as plaintiff and defendant, respectively, as they appeared in the trial court.

J. F. Sharp and Blanton, Osborn & Curtis, for plaintiff in error.

Bowling & Farmer, for defendant in error.

Opinion by LOGSDON, C. All of the assignments of error, 32 in number, are comprehended by and embraced in three propositions in the brief of defendant, as follows:

"(1) The loss sustained was properly Stockton's loss, and the bank rightfully charged said sum to his account. (2) No damages were recoverable. (3) There was a misjoinder of causes of action."

Under the first proposition two contentions are made and urged relating to instructions. It is first contended that the trial court erred in giving paragraphs 4 and 5 of its general instructions, and in refusing to give defendant's requested instruction No. 4. Instruction No. 4, given in charge to the jury, told the jury that as a matter of law defendant bank had no legal right to charge the $1,073.60 check drawn on the State Bank of Stratford to plaintiff's account in defendant bank. Instruction No. 5 was a peremptory instruction to find for the plaintiff as to this $1,073.60 item. Defendant's requested instruction No. 4, which was refused, was a peremptory intruction to find for defendant as to this item. It is readily apparent that the soundness of defendant's contention is wholly dependent on there being error of law in instruction No. 4, because if that paragraph correctly stat-

ed the law applicable to the facts, then it follows that instruction No. 5 was properly given, and that the refusal of defendant's requested peremptory instruction was correct.

In support of its argument that error of law was committed by the trial court in giving instruction No. 4, defendant cites and quotes from a line of decisions from this and other courts which announce the generally recognized rule of law that the acceptance of a check in payment of a debt implies the condition that the check will be honored, and that if it should be dishonored the original debt for which it was given in payment is thereby revived. Mutual Life Ins. Co. v. Chattanooga Savings Bank, 47 Okla. 748, 150 Pac. 190; Bowles v. Biffles, 50 Okla. 587, 151 Pac. 193; City of Sulphur v. Farmers Nat. Bank, 101 Okla. 148, 224 Pac. 518. In the instant case the original creditor is not suing the drawer of a dishonored check to recover on the original debt revived by such dishonor. The original creditor in this case, Duncan Refining Company, received payment of its debt. The check given by plaintiff in payment of that debt was not dishonored, but was canceled and charged to plaintiff's account in the State Bank of Stratford, his right to thereafter participate in the Depositors' Guaranty Fund being reduced by the amount of the check so drawn and so charged to his account in that bank.

But it is urged by defendant that it followed the usual custom of banks in accepting in payment of said check the draft of the State Bank of Stratford on the Tradesmen's National Bank of Oklahoma City, and that it proceeded in the usual course and with due diligence to present said draft for payment, but that same was dishonored. From these undisputed facts it is urged that it was not negligent in the handling of plaintiff's check, and that when the draft of the State Bank of Stratford was dishonored it had the right to charge the amount thereof to plaintiff's account in defendant bank, on the theory that it was acting as plaintiff's agent in the collection of his check. In support of this contention numerous authorities are cited: Savings Bank v. National Bank (Tenn.) 39 S. W. 338; First National Bank of Memphis v. First National Bank of Clarendon, Texas (Tex.) 134 S. W. 831; Hillsinger v. Trickett (Ohio) 99 N. E. 305; Griffin v. Erskine (Iowa) 109 N. W. 13; State Bank of Midland v. Byrne (Mich.) 56 N. W. 354. These and other cases announce clearly that a collecting bank is not liable for loss resulting from the dishonor of a check accepted by it in payment of a collection item unless negligence in its handling of the check has caused the loss; that the handling of the check according to the usual custom of banks is not negligence, and that the burden of proving negligence rests on the principal seeking recovery from the collecting agent.

If the Duncan Refining Company were here seeking recovery from defendant, because of loss of its debt through acceptance by defendant of a check in payment which was dishonored these authorities would be applicable and their legal principle controlling in behalf of defendant. Such is not the case. Neither can the contention be sustained that defendant was plaintiff's agent for collection of the check. Defendant was agent for the Duncan Refining Company in this transaction, and could not act in the dual capacity of agent for both creditor and debtor in the same transaction. Plaintiff did not deposit his check for collection, but delivered it to the collecting agent in payment of the debt of the principal. It was accepted by such agent, not as a deposit for collection, but as conditional payment of the debt. The conditions implied in its acceptance were: (a) That plaintiff had funds in the bank on which it was drawn sufficient to pay the same; (b) that it would be honored on presentment. The first of these conditions is admitted to be a fact. The second condition was fulfilled by the drawee bank accepting the check, marking it paid, and charging it to plaintiff's account. The fact that the drawee bank thereupon issued and defendant accepted, according to a custom existing between them, a worthless draft in payment of the check cannot militate against the fact that the check was honored on presentment in a form and manner at the time satisfactory to defendant; that defendant surrendered the check voluntarily, thus making it possible for plaintiff's account to be charged with the amount, and that defendant's acts thus reduced plaintiff's rightful claim thereafter in the Guaranty Fund by the amount of the check so surrendered. It follows from what has been said that defendant had no legal right to require plaintiff to pay the same debt twice by charging the amount of the check to his account in that bank after permitting it to be charged to his account in the drawee bank. Instruction No. 4 was therefore correctly given, as was also instruction No. 5, and the refusal to give defendant's requested peremptory instruction was not error.

It is further urged under the first proposition, that the trial court erred in excluding testimony offered by defendant for the

purpose of showing that on the day the plaintiff's check was presented for payment to the State Bank of Stratford, that bank did not have sufficient cash on hand to pay the same, and that when the State Bank of Stratford drew its draft on the Tradesmen's National Bank in clearance of said check its balance in that bank was only $84.14. This testimony could only be relevant and competent in an action between a principal and his collecting agent on the question of the agent's negligence in the manner of handling the collection, or in an action between creditor and debtor defended under a plea of payment by check. No such issue was involved in this case, and the evidence was properly excluded.

Under its second proposition defendant contends that no damages were recoverable because plaintiff's right of recovery in damages is limited to the amount of legal interest computed on the $1,073.60 item from April 7, 1922, the date when plaintiff's check was protested by defendant bank. This contention is based on Comp. Stat. 1921, sec. 5977, which reads:

"The detriment caused by the breach of an obligation to pay money only is deemed to be the amount due by the terms of the obligation, with interest thereon."

It is true that the protest of plaintiff's check, when his deposit was sufficient to pay it, was a breach of defendant's implied obligation to pay its depositor his money on demand, but under the facts of this case there was more than a mere breach of an obligation to pay money. There was a conversion.

"Conversion is any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein." Aylesbury Mercantile Co. v. Fitch, 22 Okla. 475, 99 Pac. 1089.

Defendant wrongfully appropriated $1,073.60 of plaintiff's deposit to its own use to recoup the loss it had sustained by accepting the worthless draft of the State Bank of Stratford while acting as the collecting agent of the Duncan Refining Company. Under these facts plaintiff's measure of damages was that prescribed by the first and third subdivisions of section 5999, Comp. Stat. 1921, as follows:

"The detriment caused by the wrongful conversion of personal property is presumed to be: First. The value of the property at the time of the conversion with interest from that time. * * *Third. A fair compensation for the time and money properly expended in pursuit of the property."

The jury properly returned its verdict for interest under the first subdivision, but there is no evidence which reasonably supports the verdict under the third subdivision. Plaintiff testified that he paid 99 cents as protest fees, and $250 to his attorneys for their services in recovering the $1,073.60 from defendant. No time is shown to have been lost by plaintiff on account of defendant's wrongful act, nor is any other expenditure shown by the evidence. Therefore, the duty of the jury in assessing plaintiff's detriment and awarding compensation therefor is not left in doubt, nor was it discretionary under the evidence and the statute above quoted. Its verdict on this phase of the case was probably due to the latitude allowed it by the instructions of the court. These instructions are assailed by defendant under this second proposition as being incorrect applications of the law to the facts of this case, and as being prejudicial to the rights of defendant. These criticisms of these instructions on this phase of the case must be sustained. In view of the clearness and definiteness of the testimony as to plaintiff's legal detriment, which is not contradicted by defendant's evidence, and is practically admitted in its brief, it is not considered that these erroneous instructions should work a reversal of the case. The error in the amount of the verdict and judgment can be corrected by a remittitur.

Under the third proposition it is contended by defendant that there was a misjoinder of causes of action. This contention cannot be sustained, as the instant action is clearly authorized under Comp. Stat. 1921, section 266, subdivision 5.

It follows from what has been said that the judgment of the trial court in this cause is in all things affirmed upon condition that plaintiff shall, within 15 days from the filing hereof, file with the clerk of this court a remittitur of all compensatory allowance made by the jury and designated in the verdict as damages, and in the judgment designated as "the further sum of $762.50," over and above the sum of $250.99. If said remittitur is not filed in the amount and within the time above stated, then the judgment of the trial court is vacated and the cause reversed for a new trial.

Plaintiff in his brief has incorporated a motion for judgment on the supersedeas bond as authorized by rule 11 of this court. If the remittitur is filed as above ordered and directed to be done, then it is the further order and judgment of this court: That plaintiff, J. O. Stockton, do have and recover of and from Karl Andrews, A. P. Smith, and O. E. Goodwin, sureties upon the supersedeas bond of defendant, First Na-

tional Bank of Stratford, Okla., the sum of $1,073.60, with interest thereon at the rate of 6 per cent. per annum from April 7, 1922, and the further sum of $250.99, with interest thereon at the rate of 6 per cent. per annum from February 3, 1923, together with all costs of the proceeding in this court, execution to be awarded by the trial court after the mandate is spread of record.

By the Court: It is so ordered.

Note.—See under (1) 7 C. J. p. 599 § 245 (Anno); anno. 34 L. R. A. (N. S.) 734; 52 L. R. A. (N. S.) 631; L. R.A. 1917F, 604; 3 R. C. L. p. 639; 1 R. C. L. Supp. p. 869. (2) 7 C. J. pp. 614, 614, (Anno) § 277. (3) 7 C. J. p. 663 § 365 (Anno); pp. 671, 671 (Anno) § 378.