**SHAPLEIGH HARDWARE CO. v. CREWS et al.**

No. 17495—Opinion Filed April 12. 1927.

Rehearing Denied May 3, 1927.

(Syllabus.)

**Bills and Notes—Unpaid Checks on Failing Bank not Payment of Note.**

In an action on a promissory note, where defendants admit the execution of said note and plead an affirmative defense of payment, where the evidence discloses that on the 5th day of November the defendants gave a check in payment of said note and on the 6th day of November the bank on which the check was drawn closed its doors and was taken over by the State Bank Commissioner and the check was never paid, held, it was error for the trial court to direct a verdict for defendants.

Error from District Court, Choctaw County; G. M. Barrett, Judge.

Action by the Shapleigh Hardware Company against G. T. Crews and others. Judg-

ment for defendants, and plaintiff brings error. Reversed and remanded.

O. A. Brewer, for plaintiff in error.

Hal Welch, for defendants in error.

CLARK, J. This action was commenced in the district court of Choctaw county, Okla., by plaintiff in error against the defendants in error. Plaintiff bases its action on a promissory note made, executed and delivered to the plaintiff by defendants.

Defendants answered by a general denial, except as to such matters as are specifically admitted. Defendants admitted the execution of said note and answered that the same had been fully paid; further answered that said note had been transferred to the First State Bank of Ft. Towson, Okla., indorsed as follows: "Pay First State Bank or order, Shapleigh Hardware Company. (Signed) W. L. Clarke, Asst. Treas." And that said bank held said note as owner or as agent for plaintiff for the purpose of collecting the same.

Plaintiff filed its reply. denying payment of said note, admitting that said note had been by said First State Bank marked "Paid" and delivered to plaintiff.

The cause came on for trial, and evidence was introduced that on November 5, 1923, defendants went to the bank and drew on said bank a check in the sum of $317.20 payable to the order of the bank. The officers of the bank received said check, hung it on a hook behind the counter, and marked said note with the stamp of the bank in words as follows: "Paid, First State Bank, Ft. Towson, Okla." On November 6th. the next day, the bank closed its doors, and was taken over by the State Bank Commissioner. The check was never taken from the hook and no entries were ever made on the books of the bank concerning this transaction. No charge was ever entered against the account of the Ft. Towson Hardware Company, defendants herein.

E. A. White. one of the defendants, called as a witness for the defendants, testified:

"The Shapleigh Hardware Company sent the note to the bank for collection and on the morning of November 5th, I went down and gave that check for $317.20 in payment of this note. They marked it 'Paid' and gave it to me."

He also admitted the execution of the note; admitted that the plaintiff had notified defendants that the note would be sent to the bank for collection. and that the bank closed the next day.

"Do you know of your own knowledge at any time whether your account was ever charged with the amount of the check you tendered this bank?

"A. It was not.

"Q. Your account was never charged with it on the books of the bank. Mr. White, do you know whether the check you gave the bank was ever marked 'accepted, stamped, or paid' in any way?

"A. It was not."

That about the 12th or near that day of November the check was mailed back to the defendants by the bank examiner.

At the close of the testimony the court, upon motion of defendants, directed the jury to return a verdict for the defendants, which was accordingly returned. The court rendered judgment thereon. Motion for a new trial was filed, which was overruled, and plaintiff brought this case here for review, making several assignments of error, which may be disposed of under one head: Did the court err in directing the jury to return a verdict for the defendants?

By the defendants admitting the execution of the note and pleading payment, the burden was on the defendants to prove payment. It is contended by defendants that the bank was acting as agent of plaintiff in collecting the note, and as such agent accepted defendants' check, and the same should be in law full satisfaction of said note.

In the case of City of Sulphur v. Farmers Nat. Bank of Oklahoma City, 101 Okla. 148, 224 Pac. 518, it was held:

"Where the owner of city warrants forwards them to a local bank for collection. which delivers them to said city and accepts the city's check therefor, drawn on and made payable to said bank. and where said bank is in a failing condition, and only remains open for business during the remainder of that day and the following day, when it suspends business, and where said bank at no time after receiving said check has sufficient funds to pay the same, and where the owner of said warrants later brings suit thereon against the city, and the only defense pleaded and relied upon is that of payment, held, such defense is not thereby established, and the plaintiff is entitled to recover the full amount sued for. He'd. further, that the trial court erred in deducting from the amount of the plaintiff's recovery an amount equal to the cash said bank had on deposit at the time it received said check."

We are of the opinion that the bank was agent for the plaintiff herein for the purpose of collecting said note, and said agent had no authority to cancel said note unless the same was paid. The check given was never charged to the account of defendants. Defendants' account remained in said bank intact, so far as this transaction was concerned. and plaintiff received nothing by virtue of the check.

It is the contention of the defendants in error that, their evidence or payment not being challenged by demurrer or motion for a directed verdict, it cannot be challenged on appeal. As we view the record, plaintiff made out a prima facie case. The burden was on the defendants to prove payment, and having failed to do so, but, on the contrary, proved that no payment had been made, it was error for the court to direct a verdict for the defendants.

The cause is therefore reversed and remanded, with directions to grant plaintiff a new trial.

BRANSON, C. J.. MASON, V. C. J., and PHELPS, RILEY, and HEFNER, JJ., concur.

Note.—See 4 C. J. p. 1022; §3008 (Anno); 7 C. J. p. 627, §302; 8 C. J. p. 568, §792; 30 Cyc. p. 1209; 38 Cyc. p. 1578.