ALBERT D. HANDY & another *vs.* JOHANNA TRACY.

Suffolk.   November 19, 1889. — January 3, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Promissory Note — Payment — Interest.*

A promissory note payable to a firm, bearing interest exceeding six per cent, was secured by a mortgage which included property of the maker's wife. One partner, acting for the others, foreclosed the mortgage by a sale of such property against the wife's protest, and applied the proceeds in payment of the note. Thereupon she brought an action against the firm, but before she had recovered judgment against the one who sold the property for the conversion, an action on the note was brought against her as administratrix of her husband's estate. *Held,* that the apparent payment did not amount to a real payment of the note, and that recovery could be had thereon with interest at the rate reserved, the fact that she had not actually recovered judgment at the time the action was brought on the note being immaterial.

CONTRACT by Albert D. Handy and John A. Lincoln, co-partners doing business under the name of Handy and Lincoln, against Johanna Tracy, administratrix of the estate of Patrick Tracy, upon two promissory notes, one dated April 16, 1885, for $200, and the other dated August 2, 1885, for $100, signed by the intestate, and payable to the order of Handy and Lincoln, one in one month from date and the other on demand, with interest at the rate of four and five per cent per month. Writ dated October 4, 1887. Trial in the Superior Court, before *Blodgett,* J., who allowed a bill of exceptions, in substance as follows.

There was evidence tending to prove the following facts. The notes in question, which were given for a valid consideration, were secured by separate mortgages, both signed by the intestate and duly recorded, of even date and in the usual form, of the same personal property, except that one horse was included in the second mortgage alone. The intestate afterwards died, in September, 1885 ; and subsequently Lincoln, acting for the firm, took possession of the mortgaged property for the purpose of foreclosure, and sold it, crediting the proceeds, which were greater than the sums then due on the notes, on the intestate's account. Before the sale the defendant in her individual capacity notified Lincoln that all the property covered by the mortgages

belonged to her, except the single horse referred to, which belonged to the intestate, and forbade him to take it. Afterwards she brought an action against the plaintiffs for the conversion of the property claimed by her, in which judgment was entered for the plaintiff Handy, but in her favor against Lincoln, on December 5, 1887, for an amount exceeding the proceeds of the sale, which judgment he paid. The record of that action was put in evidence without objection, and disclosed only a general verdict and judgment for a gross sum against Lincoln. The defendant testified that all the property covered by the mortgages, except the horse, was her own, and the trial proceeded upon the assumption that none of the property included therein belonged to the intestate at the time they were given, with that single exception.

The defendant asked the judge to give the following instructions :

" First. The judgment recovered by the present defendant in her individual capacity against John A. Lincoln, one of the present plaintiffs, in an action of trover in which the other present plaintiff, Albert D. Handy, recovered judgment against the defendant, is not competent evidence to rebut the evidence of payment of the notes in question by the foreclosure and sale of the mortgaged property.

" Second. If the plaintiffs can recover upon the notes in suit, or either of them, they are not entitled to recover interest on said notes at the rates therein specified for such time as elapsed between the foreclosure of the mortgages and the time that the plaintiffs had to pay the judgment of the present defendant in her individual capacity against the plaintiff Lincoln. During such time the plaintiffs had their notes paid conditionally, and the defendant did not have the use of the loan.

" Third. At the time this action was brought, the plaintiffs had foreclosed their mortgages and received from the sale of the property mortgaged more than the amount of the mortgage debts. The amount so received had not been recovered by Johanna Tracy, therefore at the time this action was brought the notes were paid, and the plaintiffs cannot in this action avail themselves of the subsequent judgment recovered by Johanna Tracy ; for that purpose the action was prematurely brought."

The judge declined so to instruct, but instructed the jury that upon the uncontroverted facts and evidence in the case the money received by the plaintiffs from the sale of the mortgaged property, except the horse, could not be found by them to be money received by the plaintiffs in payment or on account of payment of the notes, and that interest was to be computed upon the notes to the time of verdict at the rates specified therein.

The jury returned a verdict for the plaintiffs; and the defendant alleged exceptions.

*H. N. Allin & G. L. Mayberry*, for the defendant.

*P. Keyes*, for the plaintiffs.

C. ALLEN, J. None of the property included in the mortgage, except the horse, belonged to Patrick Tracy; and Johanna Tracy brought an action and recovered judgment against Lincoln for taking the same upon the mortgage. Lincoln acted for himself and his co-plaintiff in so doing. The record of this judgment was put in evidence without objection. The apparent payment of the plaintiffs' claim by the foreclosure was to this extent no real payment, because the property taken (except the horse) did not belong to the mortgagor, and because the partner who took it was responsible to the true owner. This apparent payment therefore goes for nothing, and the rights of the parties are the same as if this property had not been taken, and the interest at the exorbitant rates promised is not cut off. *Lamprey* v. *Mason*, 148 Mass. 231. The fact that Johanna Tracy had not actually recovered her judgment at the time this action was brought is immaterial. The important facts are, that Patrick Tracy was not the owner of the property, and that she was, and that she was asserting her paramount claim to the same, and was entitled to do so; and these facts were conceded at the trial. *Whitney* v. *Willard*, 13 Gray, 203. Her right being conceded, it is not material that she had not actually recovered judgment. Lincoln might well have yielded without litigation to a claim which he could not resist. *Whitney* v. *Dinsmore*, 6 Cush. 124, 128. *King* v. *Bird*, 148 Mass. 572.

*Exceptions overruled.*