## BOWLES v. BIFFLES *et al.* .

No. 5031.   Opinion Filed August 3, 1915,

(151 Pac. 193.)

1.   **TRIAL—Directed Verdict—Right To.**   As to the effect of a demurrer to the evidence, the rule laid down in **Scully v. Williamson,** 26 Okla. 19, 108 Pac. 395, 27 L. R. A. (N. S.) 1089, Ann. Cas. 1912A, 1265, is followed.

2.   **PARTNERSHIP—Presumptions—Continuance of Relation.** Where it is admitted that the defendants were partners in 1907, and nothing appears in the record as to a dissolution of the partnership, as against a demurrer to the evidence, it will be presumed that they were partners in 1910.

3.   **PAYMENT—Acceptance of Checks—Effect.**   A creditor may, if he pleases, take an order on a third person, or a check in payment of his debt; but where such order or check is received by the creditor, in the absence of evidence that he agreed to take it in discharge of the debt, the presumption is that it is only to be regarded as a payment when actually paid, and, in the absence of such agreement to take the order or check as payment, it will be treated as a collateral security to the original debt.

(Syllabus by Devereux, C.)

*Error to County Court, Bryan County;*
*J. L. Rappolee, Judge.*

Action by Rupert Bowles, Jr., by his next friend, R. P. Bowles, against J. L. Biffles and Sam Dane, partners as Dane & Biffles, commenced in justice court and appealed by plaintiff to the county court.   Judgment for defendants, and plaintiff brings error.   Reversed and remanded.

This action was commenced in the court of a justice of the peace for Bryan county, and, from a judgment in favor of the defendants, was tried on appeal in the county court, where a judgment for the defendants was also entered.   The action was for $148.50, claimed to be

a balance due the plaintiff for gravel and cement furnished the defendants in constructing sidewalks. The defendant Biffles filed an answer, denying that he was indebted to the plaintiff, or that he was a member of the firm of Dane & Biffles at the time the material was furnished. The defendant Dane filed an answer admitting that at one time he was indebted to the plaintiff for this account, but pleading payment because one T. C. Greer, who was acting and working under the license of said Dane, gave to R. P. Bowles, as the agent of Rupert Bowles, Jr., an order on one H. H. Dees for the sum of $165; that this order was accepted by R. P. Bowles, and, when presented to Dees, was accepted by him; and that this order was given in payment of the account sued on. It was admitted that in 1907 Dane & Biffles were partners, but it does not appear when the partnership was dissolved, if ever. The plaintiff offered evidence that in February and March (but the record is silent as to the year) Dane & Biffles were constructing sidewalks, and also offered in evidence an order given by one T. C. Greer, who Bowles testified was supervising the work for Dane & Biffles. and which order is as follows:

"Mr. H. H. Dees and Dane & Biffles pay R. P. Bowles, Jr., one hundred and sixty-five and no/100 dollars due for material furnished on sidewalk.

"3/12/1910.                              T. C. GREER."

This order was accepted by H. H. Dees, guardian for certain minors, in front of whose property it appears the sidewalk was constructed. It further appears that a check for $50 signed by Biffles was given to the Bowles by Dane, as a partial payment on his account. It further appears that the order was never paid, although a check was given for it, which check was never paid. There was

a demurrer to this evidence, which was sustained by the court, and the plaintiff brings the case here on petition in error and case-made.

*Chas. P. Abbott, Chas. B. Cochran,* and *Chas. E. McPherren,* for plaintiff in error.

*Utterback, Hayes & McDonald,* for defendants in error.

Opinion by DEVEREUX, C. (after stating the facts as above). A demurrer to the evidence admits all the facts which the evidence in the slightest degree tends to prove, and all inferences which may be deduced therefrom, and all evidence most favorable to the party demurring will be considered withdrawn. *Ziska v. Ziska,* 20 Okla. 634, 95 Pac. 254, 23 L. R. A. (N. S.) 1; *Scully v. Williamson,* 26 Okla. 19, 108 Pac. 395, 27 L. R. A. (N. S.) 1089, Ann. Cas. 1912A, 1265; *Anoatubby v. Pennington,* 46 Okla. 221, 148 Pac. 828; *Rogers v. O. K. Bus & Baggage Co.,* 46 Okla. 289, 148 Pac. 837.

Under this rule, there was evidence of the partnership. It was admitted that Dane & Biffles were partners in 1907, and there is nothing in the record to show that this partnership was ever dissolved, and the rule is well settled that, when it is admitted that a condition exists, the presumption is that it continues; nothing appearing to the contrary. *Winton v. Myers,* 8 Okla. 421, 58 Pac. 634. Also the giving of the order by Greer to Dane & Biffles is some evidence that there was such a firm.

This leaves the only question, whether the giving of the order by Greer on Dees and Dane & Biffles, and the giving of the check for the amount to Bowles, which was not paid, amounted in law to a payment of the debt.

In *Downey v. Hicks,* 14 How. 240, 14 L. Ed. 404, in passing on a question quite like the one under consideration, the court say:

"A note of the debtor himself, or of a third party, is never considered as a payment of a precedent debt, unless there be a special agreement to that effect. Had Downey received the certificate of deposit himself, it would not have been considered a payment unless it was so agreed. The transaction, in fact, was only a dealing with credits. No money was drawn from the bank or deposited in it. By the certificate, the credit of the bank was given in addition to the credit of the original debtor. Such a transaction, without a special agreement to receive the certificate in payment, would make it a collateral security only."

In 2 Daniel's, Neg. Inst. (5th Ed.), sec. 1623, it is said:

"In respect to payment by check, a creditor may, if he pleases, accept a check in absolute discharge of the debt; but, where a check is received by the creditor, there is no presumption that he takes it in payment, but, on the contrary, the implication is that it is only to be regarded as payment if cashed."

See, also, *Kendall v. Equitable Life Assur. Society,* 171 Mass. 568, 51 N. E. 464; *Taylor v. Wilson,* 11 Metc. (Mass.) 44, 45 Am. Dec. 180; *Blair v. Wilson,* 28 Grat. (Va.) 171; *Mutual Life Ins. Co. v. Chattanooga Savings Bank.* 47 Okla. 748, 150 Pac. 190.

In the case at bar there is no evidence that Bowles took the order on Dees and Dane & Biffles, or the check from Dees, as payment of the original demand, and there was error in sustaining the demurrer to the evidence.

We therefore recommend that the judgment be reversed, and the case remanded for a new trial.

By the Court: It is so ordered.