## ELLET-KENDALL SHOE CO. v. MILLER et al.

No. 11650—Opinion Filed May 15, 1923.

(Syllabus.)

1. Bankruptcy—Discharge of Partnership—Effect on Partners.

A discharge of a partnership in bankruptcy is not a bar to an action against the individual members of the partnership in the absence of an adjudication of bankruptcy against the individual and a discharge of such individual.

2. Partnership — Bills and Notes — Note of New Firm for Old Firm Debt—Discharge of Retiring Partner.

A note given by a new firm for a debt of the old firm is not considered a payment so as to release a retiring member of the old firm in the absence of evidence that the creditor agreed to take the new note in discharge of the debt; the presumption being that the new note is to be treated as collateral security for the original debt.

Error from District Court, Hughes County; John L. Coffman, Judge.

Action by the Ellet-Kendall Shoe Company against George Miller and another for balance due an open account. Judgment for defendants, and plaintiff brings error. Reversed and remanded, with directions.

A. C. Markley, for plaintiff in error.

Frank L. Warren and Anglin & Stevennson, for defendants in error.

COCHRAN, J. This action was commenced by the plaintiff in error against the defendants in error to recover a balance due on open account. The parties will hereinafter be referred to as plaintiff and defendants, as they appeared in the trial court.

The account sued on was for merchandise furnished the firm of Philpott & Miller, and the defendant Philpott answered that after

the filing of the suit he was adjudged a bankrupt in the federal court; that the bankruptcy proceedings were pending at that time; and that there had been no new promise to pay this indebtedness since the adjudication. The defendant Miller answered that the firm of Philpott & Miller was succeeded by the firm of Philpott & Lane, and the latter firm assumed the payment of this indebtedness; that Philpott & Lane executed their note for the amount due the plaintiff, which was delivered to the plaintiff and accepted by it in satisfaction of the amount due by Philpott & Miller.

After the plaintiff's evidence was in, the defendants introduced demurrers to the evidence and same were sustained by the trial court and judgment entered for the defendants.

There is nothing in the record to show that S. T. Philpott was at any time adjudged a bankrupt, or that this claim was included in the schedule of his liabilities. The testimony does show that the plaintiff received dividends from the bankrupt estate of Philpott & Lane, which were applied on this indebtedness, but the adjudication of Philpott & Lane as bankrupts would not constitute a bar to recovery against Philpott individually. There is nothing in the evidence to show that the note of Philpott & Lane was accepted in payment of the indebtedness of Philpott & Miller to the plaintiff. The only testimony on that is to the effect that the note was accepted as additional collateral for the payment of the indebtedness, and not as payment. The general rule is stated in 30 Cyc. 1206, as follows:

"While a note given by a new firm for a debt of the old firm, or in renewal of a note of the old firm, may constitute a payment of the indebtedness so as to release retiring members of the old firm, as where such note is accepted by the creditor as an absolute payment, or where the retiring member is considered as a surety and indulgence has been granted the continuing partners, yet ordinarily the note is not considered a payment where not accepted as such."

In the case of Bowles v. Biffles, 50 Okla. 587, 151 Pac. 193, this court stated:

"A creditor may, if he pleases, take an order on a third person, or a check in payment of his debt; but where such order or check is received by the creditor, in the absence of evidence that he agreed to take it in discharge of the debt, the presumption is that it is only to be regarded as a payment when actually paid, and, in the absence of such agreement to take the order or check as payment, it will be treated as a collateral security to the original debt."

In that case the court quoted from Downey v. Hicks, 14 How. (U. S.) 240, 14 L. Ed. 404, as follows:

"A note of a debtor himself, or of a third party, is never considered as a payment of a precedent debt, unless there be a special agreement to that effect. Had Downey received the certificate of deposit himself, it would not have been considered a payment unless it was so agreed. The transaction, in fact, was only a dealing with credits. No money was drawn from the bank or deposited in it. By the certificate, the credit of the bank was given in addition to the credit of the original debtor. Such a transaction without a special agreement to receive the certificate in payment, would make it a collateral security only."

The judgment of the trial court is reversed, and cause remanded, with directions to grant a new trial.

JOHNSON, C. J., and McNEILL, NICHOLSON, and MASON, JJ., concur.