309 F.2d 636
 ACME TOOL, INCORPORATED, Appellant,
v.
Cranston W. FLESHER, Trustee of Rogers-Fain Drilling
Company, a co-partnership, Appellee.
In the Matter of ROGERS-FAIN DRILLING COMPANY, a
co-partnership, Debtor.
 No. 7077.
 United States Court of Appeals Tenth Circuit.
 Oct. 15, 1962.
 
 Eugene P. Ledbetter, Jr., Oklahoma City, Okl., for appellant.
 John B. Dudley, Jr., Oklahoma City, Okl., for appellee.
 Before LEWIS, BREITENSTEIN and SETH, Circuit Judges.
 BREITENSTEIN, Circuit Judge.
 
 
 1
 Rogers-Fain Drilling Company, an Oklahoma partnership, filed a voluntary petition for an arrangement under Chapter 12 of the Bankruptcy Act[1] and an arrangement was accepted and confirmed. The individual partners were not parties to the Chapter 12 proceedings. Acme Tool, Incorporated, and other creditors objected to the following portion of the order of confirmation:
 
 
 2
 'IT IS FURTHER ORDERED AND DECREED, that upon compliance with the foregoing and the transfer and assignment of the assets, as aforesaid, that all indebtedness of debtor to the creditors herein be, and the same shall be released and discharged and said creditors shall be required to receive in full satisfaction of their claim and indebtedness the proceeds of the operation of the properties and any sale thereof by Cranston W. Flesher, trustee for the creditors of Rogers-Fain Drilling Company and upon compliance herewith all pending lawsuits shall be dismissed and any and all judgments or liens of record shall be released, discharged, and fully satisfied.'
 
 
 3
 The complaint is that the quoted provision has the effect of discharging the individual general partners from the partnership debts. Counsel for the Trustees expressly disavows such effect and we agree that the order in question does not eliminate the liability of the general partners for partnership debts.
 
 
 4
 The Bankruptcy Act provides[2] that the discharge of a partnership does not discharge the individual general partners from the partnership debts. This provision is not inconsistent or in conflict with Chapter 12 and applies to proceedings thereunder.[3] Hence, the confirmation of the arrangement and the discharge of the partnership could not as a matter of law release and discharge the individual partners, none of whom were parties to the Chapter 12 proceedings. The questioned portion of the order was proper under the provisions of Chapter 12 relating to discharge of debts upon confirmation[4] but it does not operate as any release or discharge of the liabilities of the general partners.[5]
 
 
 5
 Affirmed.
 
 
 
 [1]
 11 U.S.C. 801-926
 
 
 [2]
 11 U.S.C. 23, sub. j
 
 
 [3]
 11 U.S.C. 802
 
 
 [4]
 11 U.S.C. 876
 
 
 [5]
 Cf. Francis v. McNeal, 228 U.S. 695, 699-700, 33 S.Ct. 701, 702, 57 L.Ed. 1029