In re The BANK CENTER, LTD., a Pennsylvania Limited Partnership, Debtor.

The BANK CENTER, LTD., a Pennsylvania Limited Partnership, Plaintiff,

v.

Robert A. PAPARIELLA, t/d/b/a Consultants International, an individual, Defendant.

Bankruptcy No. 81–1424.
Adv. No. 81–939.

United States Bankruptcy Court,
W. D. Pennsylvania.

Oct. 14, 1981.

---

Russell J. Ober, Pittsburgh, Pa., for defendant.

Philip E. Beard, Pittsburgh, Pa., for debtor/plaintiff.

## MEMORANDUM OPINION

JOSEPH L. COSETTI, Bankruptcy Judge.

### HISTORY OF THE CASE

On May 29, 1981, the Debtor filed a Petition for Reorganization under Chapter 11 of the Bankruptcy Code. On June 8, 1981, the Debtor filed this action seeking to enjoin the Defendant from confirming a judgment on an arbitration award at G.D. 81–12283 in the Court of Common Pleas of Allegheny County. The Defendant had received an award against the Debtor from a panel of arbitrators on April 27, 1981. Before the Defendant could confirm the arbitration award and enter judgment, this Bankruptcy was filed staying all actions against the Debtor pursuant to Section 362 of the Bankruptcy Code. The Defendant then sought to file in the Common Pleas Court of Allegheny County a Motion for Leave to Amend Motion to Confirm Arbitration Award and for Entry of Judgment and to Amend Caption in order to have the arbitration award confirmed to judgment against Seach Development Company and Hardy Enterprises, Inc., the general partners of the Debtor who have not filed petitions in Bankruptcy. A hearing was held in Common Pleas Court and the Judge refused to proceed on Defendant's Motion based on Debtor's assertions that to do so would violate the provisions of the automatic stay.

The Complaint that is before this Court asks merely that the Defendant be enjoined from further proceedings in G.D. 81–12283 because such action would violate the provisions of Section 362. At a first pretrial hearing on this matter which was held on August 5, 1981, it became apparent that the real issue in this case is whether an action solely against the partners would be a violation of the automatic stay provisions of Section 362 when the partnership has filed bankruptcy but not the partners.

The Defendant submitted a Memorandum of Law prior to the August 5, 1981. The Defendant also submitted a Supplemental Memorandum of Law. The Court requested a brief from the Debtor by August 25, 1981, but the Debtor has not submitted a brief.

### CONCLUSIONS OF LAW

The Court withdraws its Order issued in this case on June 8, 1981. In that Order the Court enjoined the Defendant from taking any action whatsoever with regard to G.D. 81–12283. The Court specifically limits that Order to prohibit the Defendant from taking any action in G.D. 81–12283 with regard to the partnership The Bank Center, Ltd., the Debtor in this case.

The Court concludes that the Automatic Stay provisions of Section 362 do not apply to the actions against the partners of the Debtor. A partner is a separate entity from the partnership. See *In re Ginsberg*, 219 F.2d 472 (3rd Cir. 1955).

In a recent case involving the use of the automatic stay under the same circumstances as are presented here, a Bankruptcy Court declined to enjoin law suits which were brought against the individual partners of the partnership. On appeal the District Court upheld the finding of the Bankruptcy Court.

This Court sees no reason why the distinct existence of the partnership and its partners should be disregarded in the instant context. This court may stay suits

against the Debtor's property, not that of the individual partners of the Debtor. It is, of course, true that execution upon the judgment against Edward and Louis Aboussie may impair their ability to contribute funds to the Debtor. Adverse effect upon the Debtor, alone, however is not sufficient justification for the exercise of jurisdiction over the property of the partners. *Parkview-Gem Inc. v. Stein*, 516 F.2d 807 (8th Cir. 1975); *In Re Adolf Gobel, Inc.*, 80 F.2d 849 (1936); *In Re Magnus Harmonica Corporation*, 233 F.2d 803 (3rd Cir. 1956); *McGinnis Lumber Co., Inc. v. Belser*, 385 F.Supp. 390 (D.S.C.1974). *In Re Aboussie Bros. Const. Co.*, 8 B.R. 302 (E.D.M.1981).

In the Magnus Harmonica case, the corporation was in a reorganization proceeding under the Bankruptcy Act. Officers of the corporation had individually guaranteed some of the debts of the corporation and these officers were being sued in state court proceedings. The Third Circuit refused to enjoin those lawsuits, stating:

It may be granted that this suit against the Magnus defendants may have an indirect repercussion in matters involved in the bankruptcy proceedings. It is suggested, for instance, that Finn Magnus has reversionary rights to certain patents now licensed to the corporation and if a creditor got hold of those rights it would greatly embarrass the reorganization. Of course, that same difficulty would be presented if a tort claimant sued Magnus for damages involved in an automobile accident and sought to get these patent rights to collect a judgment. It is true, also, that a surety has rights against the principal debtor. If Finn Magnus and Elsie Magnus are compelled to pay a creditor who sues in a state court on a suretyship obligation entered into for the benefit of the corporation, they will have rights against the corporation. These the bankruptcy court can handle in due course if the question arises to be answered. *In Re Magnus Harmonica Corporation*, 233 F.2d 803, 804 (3rd Cir. 1956).

The Debtor is a limited partnership. Seach Development Company and Hardy Enterprises, Inc. are general partners of the Debtor. In Pennsylvania a general partner of a limited partnership is jointly liable for the obligations of the limited partnership. See Section 523 of the Pennsylvania Uniform Limited Partnership Act (59 Pa.C.S.A. § 523) and Section 327 of the Pennsylvania Uniform Partnership Act (59 Pa.C.S.A. § 327). Thus under Pennsylvania law, Seach Development Company and Hardy Enterprises, Inc. are liable for the debts and obligations of the Debtor. The mere fact of that relationship cannot extend the scope of the automatic stay to these general partners. Section 362(a)(1) of the Bankruptcy Code simply states:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

(1) The commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

The Court holds that in the instant case the automatic stay does not apply to actions against the general partners of the Debtor. It would be possible for the Debtor to show that actions against the partners would have a deleterious effect on the partnership, especially upon the partnership's ability to present a Plan. If such a showing is made, an injunction may be requested. This request for a separate injunction should not be confused with the automatic stay, which the Debtor obtained by filing and subjecting itself to the Bankruptcy Court.