VANCE, Circuit Judge:
This case comes before the en banc court for reconsideration of the panel’s holding that there is an inconsistency between Chapter XII of the “old” Bankruptcy Act, 11 U.S.C. § 906 et seq., and section 5(j) of that Act, 11 U.S.C. § 23(j).[1]
The facts are set forth in detail in the vacated opinion of the panel at 632 F.2d 1178 (5th Cir. 1980). We repeat them only to the extent required to pose the issue before us.
Consolidated Motor Inns (CMI), a Georgia limited partnership, filed a petition in the bankruptcy court under Chapter XII. In due course CMI proposed a “Plan of Arrangement” that won approval of an overwhelming majority of its creditors. The plan provided that confirmation would bar *190 all claims by CMI’s creditors against the partners and their spouses for debts arising out of the partnership business and required that checks issued to partnership creditors bear a restrictive endorsement stating that acceptance by the payee released CMI, its partners and their spouses. BVA Credit Corporation, a creditor that had not assented to the plan, refused the tendered check and appealed to the district court.
The district court invalidated the discharge of individual partners and their spouses and on remand the bankruptcy court ordered all uncashed checks reissued without the restrictive endorsement. CMI’s appeal to this court from the district court’s affirmance of that action of the bankruptcy court resulted in the vacated panel opinion that reversed the district court. The panel held that the district court erred in striking the discharges of the individual partners and their spouses as provided in the confirmed plan because the panel concluded that section 5(j) is inconsistent with Chapter XII and therefore inapplicable.
Section 5(j), which is found in the “old” Act’s straight bankruptcy chapters, provides:
The discharge of a partnership shall not discharge the individual partners thereof from the partnership debts. A general partner adjudged a bankrupt either in a joint or separate proceeding may, pursuant to the provisions of this title, obtain a discharge from his partnership and individual debts.
11 U.S.C. § 23(j). In a straight bankruptcy under this statute discharge of a partnership clearly does not have the effect of discharging nonpetitioning individual partners. Liberty National Bank v. Bear, 276 U.S. 215, 220-21, 48 S.Ct. 252, 253-54, 72 L.Ed. 536 (1928).
Section 402 of Chapter XII, which governs this proceeding, provides:
The provisions of chapters I to VII of this title, shall, insofar as they are not inconsistent or in conflict with the provisions of this chapter, apply to proceedings under this chapter ....
11 U.S.C. § 802.
We disagree with the holding of the panel that the provisions are inconsistent and find that the partners and their wives, as individuals, were not discharged under the plan the creditors approved. In reaching this conclusion we follow language of the tenth circuit in Acme Tool, Inc. v. Flesher, 309 F.2d 636 (10th Cir. 1962):
The Bankruptcy Act provides that the discharge of a partnership does not discharge the individual general partners from the partnership debts. This provision is not inconsistent or in conflict with Chapter 12 and applies to proceedings thereunder. Hence, the confirmation of the arrangement and the discharge of the partnership could not as a matter of law release and discharge the individual partners, none of whom were parties to the Chapter 12 proceedings.
Id. at 637 (footnotes omitted). See also Myers v. International Trust Co., 273 U.S. 380, 47 S.Ct. 372, 71 L.Ed. 692 (1927) (composition with creditors in bankruptcy proceeding against partnership does not discharge personal liability of partners as endorsers on partnership note); R.I.D.C. Industrial Development Fund v. Snyder, 539 F.2d 487, 494 (5th Cir. 1976), cert. denied, 429 U.S. 1095, 97 S.Ct. 1112, 51 L.Ed.2d 542 (1977) (Chapter XI arrangement does not discharge guarantor’s liability to creditor); First National Bank v. Poland Union, 109 F.2d 54, 56-57 (2d Cir.) (pre-Chandler Act partnership reorganization plan does not operate to discharge individual partner), cert. denied, 309 U.S. 682, 60 S.Ct. 723, 84 L.Ed. 1026 (1940); In re Airport Associates, 462 F.Supp. 320 (D.Hawaii 1978) (creditor entitled to proceed against individual partners as comakers of notes during partnership’s Chapter XII proceedings).
The Collier treatise on bankruptcy notes that partners have the option of filing a Chapter XII petition on the separate behalf of the partnership or filing jointly on behalf of a partnership and one or more of its general partners. 9 Collier on Bankruptcy *191 ¶ 4.02, at 833 (14th ed. 1978). In a discussion concerning a partnership’s Chapter XI petition, which we conclude is equally applicable to a Chapter XII petition, Collier also says
Section 371 discharges only the “debtor” from the debts specified in that section. If a petition is filed by a partnership in its separate behalf, only the partnership is the debtor and therefore only the partnership as such is discharged from the debts falling within § 371. The individual general partners, not being the debtors in the case, are not discharged from their individual debts, nor are they discharged from the partnership debts. But a general partner who files a Chapter XI petition in his separate behalf may be discharged from both his partnership and individual debts if they come within the terms of § 371.
Id. at ¶ 9.32[10] (footnotes omitted).
We therefore hold that debts of nonpeti-tioning individual partners[2] to nonassent-ing creditors cannot be discharged by a partnership’s plan under Chapter XII.
To this extent we affirm the district court’s decision. We remand to the panel for further consideration of CMI’s alternative contentions in the light of our holding.
AFFIRMED IN PART, REMANDED TO PANEL IN PART.

. As the panel opinion noted, this proceeding is governed by the Bankruptcy Act of 1898, which was repealed in 1978 and replaced by the current version of Title 11. Citations in the opinion are to the 1898 Act, as found in the 1976 edition of the United States Code.

. Under the facts of this case our holding also applies to the spouses of the nonpetitioning individual partners.