Hurley, J.
The defendant Eccelston Properties, Ltd. claimed a Report from the trial judge’s denial of its motion to remove a default and stay proceedings. Finding no error we dismiss the Report.[2]
The plaintiff brought this tort action to recover for injuries he says he sustained when he fell in a parking lot of a mall under the management and control of the defendant Eccelston. The defendant was initially defaulted for failure to file an answer. An application under Dist./Mun. Cts. R. Civ. R, Rule 33(a) was also filed. The default was removed and the answer filed. Thereafter a reapplication under Rule 33(a) was filed and the defendant was defaulted. The complaint was amended and other defendants added. The defendant thereupon filed a motion to remove the default and to stay the proceedings. The defendant filed an answer to the amended complaint. This answer also contained cross-claims for indemnity and contribution as to the other defendants.
The plaintiff contends that his injuries were caused by the negligent maintenance of the premises. At the time of the injury, the premises were owned by Quin-tree Plaza Associates, Inc., a/k/a Quintree Plaza Limited Partnership. Some two years prior to the plaintiffs fall, the defendant became the master lessee at the mall. Shortly after becoming the master lessee the defendant assigned all of its “right, title and interest as tenant in and under the Master Lease” to CR Income Partnership. The defendant was a General Partner of CR Income Partnership. On January 29,1993, some two years after the plaintiffs fall, an involuntary petition in bankruptcy was filed for CR Income Partnership, Eccelston Properties, Ltd., General Partner. The defendant’s position is that the default entered against the defendant subsequent to the bankruptcy filing of CR Income Partnership was a nullity and therefore the motion to remove the default and stay of proceedings should have been allowed. The defendant also notes that the plaintiff did not oppose the motion to remove the default.
Reports to the Appellate Division serve as a forum to review rulings of law made in certain District Court civil actions. The ruling under appeal here is whether the trial court’s denial of the defendant’s motion to remove the default and to stay the proceedings was incorrect as a matter of law.
CR Income Properties, Ltd. has not been named as a defendant in this action. The entity of Eccelston itself is not involved in bankruptcy proceedings and, based on the facts contained in the Report, no suggestion of bankruptcy had been filed *130 by Eccelston. The issue before this panel is whether the scope of the automatic stay of proceedings which protects CR Income Properties, Ltd. under Section 362(a) of the Bankruptcy Code also extends to the appellant, Eccelston Properties, Ltd., as General Partner of CR Income Properties.
Eccelston does not cite any authority, either statutory or case law, to support its position that an automatic stay of proceedings provided to a partnership also extends to any proceeding brought against the general partner of that partnership. The appellant cites the Massachusetts Uniform Partnership Act, G.L.c. 108A, §§13, 15 and 16, for the proposition that “a general partner is liable for all the debts, obligations and liability of the partnership entity.” While we agree that a general partner is liable for the debts of the partnership, that liability arises only with respect to debts or obligations that occur in “carrying on in the usual way the business of the partnership.” G.L.c. 108A, §9(1). It is not apparent from the Report before us that the debts incurred by CR Income Properties, Ltd., that gave rise to its status as a debtor under the Bankruptcy Code, were obligations assumed by Eccelston as well. “It is generally accepted that, for bankruptcy purposes, a partnership is a separate and distinct entity from its partners.” In Re Aboussie Bros. Const. Co., 8 B.R. 302 (1981). “[T]he automatic stay provisions of Section 362 do not apply to the actions against the partners of the debtor. A Partner is a separate entity from the partnership.” In Re Bank Center. Ltd.., 15 B.R. 64, 65 (1981), quoting/» Re Ginsberg, 219 F.2d 472 (3rd Cir. 1955).
It may be that the assets of Eccelston and CR Income Properties are identical or so intertwined that execution upon the assets of Eccelston might not satisfy any judgment obtained by the plaintiff because of the bankruptcy proceedings against CR Income Properties. Nevertheless, this reason cannot be the basis of extending the scope of the automatic stay to Eccelston. See, In Re Magnus Harmonica Corp., 233 F.2d 803 (3rd Cir. 1956).
For all the foregoing reasons, the Report is dismissed.

We review this interlocutory ruling on Report from the trial judge.